Morning, Your Honors. Morning. I'm Manuel Rios and I represent the petitioner, Mr. Alanis. I'd like to preserve two minutes for rebuttal. I understand I'm in charge of my time here. So this is a petition for review from the Board of Immigration Appeals decision that ordered Mr. Alanis removed and denied his application for cancellation of removal as a long-time permanent resident of the United States. The only issue in front of this Court is whether or not the BIA properly found Mr. Alanis to be removable. We respectfully suggest that the BIA was incorrect because the record of conviction in this case doesn't show, number one, why this underlying protection order was issued, and number two, it does not show the specific conduct that violated this protection order. Counsel, on the first point, the purpose of the protection order, under the federal statute, the purpose has to be to prevent either violence or a threat of violence. And in view of the fact that this protection order included not only Section 6320, but also 6389, why can't we tell that one of the purposes of it was to prevent violence or a threat of violence? That is, he's not allowed to have firearms, and what other purpose would there be to prevent him from having firearms besides to protect him? Well, Your Honor, if we go to the next step, which is the modified categorical approach, that's what we can use to discern what particular order was violated. So the record of conviction in this case, which consists of three complaints and three judgment orders from the California State Court, indicate, and the BIA decision also relies upon this, that the modified categorical approach was used, and the section violated was 6320, California Family Code 6320, which includes the following. Well, but the actual document itself, he's convicted of willfully, unlawfully, and knowingly violating a court order that was obtained pursuant to 6320 and 6389 of the Family Code. Your Honor, I believe that the actual, the court order, which is a judgment and not to the complaint, because if you're going to put complaint, that's a more broad language, whereas the actual judgment order, which... Where's that in the excerpts of that? I believe it's 120 to 128, Your Honor, that we can look to that, because the actual, what the actual defendant was charged with, as opposed to what he was convicted under, is narrowed by... Except what we're looking for first. You know, you're kind of mushing together the two criteria, but if we're looking for the purpose of the original order, regardless of whether he was convicted, what the judgment says, that's what we're looking for. Because the actual underlying order was issued, obtained pursuant to both of those sections. And 63, it doesn't matter whether it says it, because 6389 kicks in automatically as a matter of law, as I understand it, under California law. So of necessity, he's prevented from having weapons. Well, you're right, Your Honor, that that, well, I'm not sure as far as that goes, but I believe that the California state law that encompasses this and interprets this statute says that the order issued, you can't really discern why an order was issued. And so that's really the first step, is we need to know why, what conduct spurred the initiation of this. I don't understand why that's important, what caused it. The question is whether the purpose was to prevent in the future violence or threats of violence. That's what the federal statute says. Was this order intended by the state court that issued it to prevent future violence or threats of violence? Well, Your Honor, there must be an application made. And so in order for the state court to overcome that, you know, as far as the burden of issuing an order, some kind of showing generally needs to be made in that. And we don't know what was made in this case. We don't know if he was just standing too close to her, she didn't like it. We don't know if he telephoned or mailed her roses or anything like that. And underneath the California law, all of those can be violations of his protective order. But that goes to the question of what violates the protective order. That doesn't tell us what the intention is of the court that issued it. And it seems to me impossible that a protection order issued under 6320 and 6389 has a purpose other than the prevention of domestic violence. Well, Your Honor, I would beg to differ. And the reason why is because 6320 is written in the disjunctive. And so we're talking about the court may issue an ex parte order in joining a party from doing a variety of things. We're talking of molesting, sexually assaulting, all the way down to disturbing the peace. And it says for disturbing the peace in the discretion of court. And so it's a broad array of things that this covers. So it doesn't necessarily so the court, we would make an application for based on one of these things, not necessarily allow that. But in addition, under 6389, it is necessarily the case that a person who is subject to that protective order shall not own, possess, purchase, or receive a firearm while the protective order is in effect. What other purpose could that have besides the prevention of violence? Well, Your Honor, you know, I don't know. But I don't think that that's especially telling when we're looking about this, Your Honor. We have to look at both of these components. And I would argue that, you know, the reason why, the reason behind the issuance of the order is something that should be looked into. Because generally, the court prohibits an order, somebody from doing something. And then if that person does what that court prohibited them from doing, not necessarily the full array, but say the court can make a more limited finding. And so if that person does what the court, violates what the court has prohibited him, enjoined him from doing, well, at that point, that's what determines it. It doesn't necessarily have to be a violent act. You know, we can't prevent firearms from being used or being carried by people who are enjoined under this order. I believe that's a collateral issue. I think that the real issue is why, for what specific purpose, or this specific order, why was it issued? And then we move on to how was it violated? And in this particular case, the record of conviction just tells us nothing. The record of conviction only shows what the order was that was violated. And there's a broad array of actions that could serve to violate that particular order. And in fact, the California Family Code specifically mentions harassing in the disjunctive with, you know, coming within a specific distance, contacting either by mail or by telephone, which seems to obviate the government's position that all of these are harassment. Well, I guess it depends on how you define harassment. But in this case, because we have three convictions rather than one, don't we, by definition, have, at a minimum, repeated harassment, which is the term used by the federal statute? Only if these actions constitute harassment, which underneath California. Is there anything in the statute that is less, can you violate it with anything less than harassment, from the point of view of the victim? Well, I would say yes, Your Honor, because by just statutory interpretation tools, basic statutory interpretation tools, that you wouldn't want to render anything superfluous. So if the statute actually mentions harassment, and then in addition to that mentions coming within a specified distance or telephoning or contacting, then, you know, that would be redundant. It would render these terms superfluous. So obviously, there needs to be an inquiry made as to what constitutes harassment. That was not done in this case. And, Your Honor, I think that I have about a minute and a half that I'd like to reserve unless there are any more questions. I think there are not. So feel free to reserve what remains and what's next from the government. Good morning. My name is Jesse Bless. I represent the Attorney General of the United States. I'd like to start out first with the principal statutory term that we're asked to consider in this case, and that's 8 U.S.C. 1227, A2EII. And what it says is, and the Petitioner's argument says, he reads out some of the language in the statute. The statute says it involves a protection order that involves protection against credible threats of violence, repeated harassment, or bodily injury. So the principal question is, does these necessary acts enjoined under 6320 of the California Penalty Code protect against these three things? Well, Counsel, in your brief, you conceded that the categorical approach does not apply. Did you not? Right. And the reason I did that is because he was convicted under the Penal Code 273.6, which is a general, that's the criminal kind of side. And when you look at the record of conviction... So he could fail to pay child support and be convicted under that? Right. He could. It could have been. And, you know, there's a broad array of things that can be enjoined under California law, but we know from the record of conviction that he actually violated California Penalty Code 6320. I just want to clarify. We're under the modified. Right. We're under the modified. And we know from that, and it was conceded, that we're dealing with 6320 of the California Family Code, that protective order. So you're not dealing with 6389? Well, that's a kick in. That's triggered with the issuance of an order under 6320. So that necessarily was involved in this case. But your focus is on 6320? That's correct. Let me ask you this. Okay. You kind of left some of the language of 1227 out as well. Because it says any alien who at any time after admission is enjoined under a protection order issued by a court and whom the court determines has engaged in conduct that violates a portion of the protection order. Okay. So that's what we're dealing with. The court has determined that the conduct violates the portion of the protective order that involves protection against. So we're looking at whether or not the court determined that there had been a violation of that portion of the order that deals with the protection order. Right. And the argument is when he was found guilty of violating California Family Code 6320, it necessarily had to determine that he violated a protection order that protects against credible threats of violence, repeated harassment, or bodily injury. Okay. So now what document in the record supports your argument that he necessarily violated the portion of the protection order that protected against credible threats of violence, repeated harassment, or bodily injury? Because every specific act enjoined under California Family Code protects against those three categories of things. But in the modified categorical approach, we have to look at the documents to establish that these factors have been met. So what documents necessarily show us that the order involved protection against credible threats of violence, repeated harassment, or bodily injury? Because the order is very broad. Well, I don't know if the order – 6320, the acts that can be enjoined. But every one of those acts, our argument is every one of those acts necessarily involves one or not all of those three things. To say that, for example, let's take stalking. To say that stalking wouldn't necessarily protect against credible threats of violence, repeated harassment. What about telephoning? Right. And that's a great point, because it gets to my point that a victim cannot obtain this protective order unless she establishes to a superior court judge that this perpetrator has committed domestic violence previously. And we don't need any judicially noticeable documents to make that argument, because it has to happen every time. What case tells us that? The California law tells us that. Well, 6320 doesn't tell us that. But the California law, when you look at – and I can name you a case law that goes through the law, the procedure for obtaining a protective order under California law. Tell me the case that says every single order issued under 6320 necessarily involves an allegation or proof of domestic violence. Nakamura v. Parker, and that's going to be found at 156 Cal Ab 4, 327. Did you cite that in your brief? I did not, but Conn S. Verstrom also does. Did you cite that in your brief? Absolutely. And so does Conrad v. Ritchie, which also goes to – Could you supply to the deputy clerk after the argument citations to anything that is not already in your brief? I'm looking at your citation to Conn S., so I know that's there. But anything else that you haven't yet cited, would you do that? So before we leave that point, so you're saying that these cases that you cite stand for the proposition that any domestic violence order that's issued under 6320 necessarily contains a finding of domestic violence. Is that what you're saying? What they say is, and it's specific, because we're dealing with the Domestic Violence Protection Act. That's what these specific – this protection order is issued under. And under that act, you have to prove with reasonable proof to a superior court judge that this perpetrator has committed a pathological crime. That is, a past act of domestic violence, which they also refer to as abuse. Past act or acts. There's no other way. That's how you – that's how you – the victim actually gets that protective order. That's what I'm asking you. So the case that you say, support that, that you have listed in your brief, which one is that? Conn S.? It's in the supplemental brief. And Conrad B. Ritchie is also in the opening brief. But it's not a matter of case law. It's a matter of statutory law. Oh, but the statute is overbroad. That's the problem. Because it includes telephoning, which wouldn't necessarily be a crime of domestic violence. But if – it's not something – the question is whether it protects against credible threats of violence, repeated harassment. And when you look at the statutory construction of protective orders under California law, if someone has already committed a past act of abuse and now is enjoined from doing certain things, and then they call, have they violated something that protects against, that was issued to protect against? And where the statutory purpose of the Domestic Violence Protection Act under California law says that the purpose of is to prevent a recurrence of domestic violence. That's a statutory purpose of this order. And I'm quoting, to restrain any person for the purpose of preventing a recurrence of domestic violence. Well, I'm looking at Conn S. versus Citram, I guess. And it says the requisite action in the statute need not be actual infliction of physical injury or assault. Right, but – right, because abuse – abuse – Could be a threat. Could be a threat. I'm going to come over there right now, so the victim will run to a court and say, I need a protective order today. But you said that that case stands for the proposition that every protective order has to be based on a finding of domestic violence. Past act of abuse. Where is that in that statute? I mean, where is that in that case? That's what I'm asking you. Where is that proposition reflected in that case? I believe it's at 201 and 202. And if I'm not – if it's not exactly in that specific citation, it's surely in Nakamura v. Parker. And if I didn't put it in there, you know, I apologize. But the point is statutory. It's not case law. We're dealing with the California statute here. But my problem with that is that the statute doesn't necessarily mean that there has been an act of physical injury as defined in the federal statute. You've got to link both of them. We don't need federal – there doesn't need to be a federal injury. You have to keep the definition of 8, 12, 20, 12, 27. That's the problem. 8-2-E-E-I. There's no requirement that the victim has to suffer some sort of injury. There's absolutely no requirement for that. What happens is we're dealing here with an alien who has violated a protective order that was issued for the purpose of preventing certain things. And then that protection order was issued for the purpose of prevention of domestic violence. And if you look at the California Domestic Violence Protection Act, it's tough to reconcile any other conclusion that this specific order that he violated was issued to prevent repeated harassment, credible threats of violence, or bodily injury, and the purpose of was to prevent a recurrence of domestic violence. And this is all statute. This is all statutory under California law. We're dealing here with a domestic – If it's all statute, then why did you concede that the categorical approach does not apply? Because you can't be convicted under California Family Code 6320. You have to be convicted under a penal statute, and he was convicted under 273. So what you're asking us to do is to use a very unusual kind of modified approach, where part of the modifiedness is actually looking at a statutory subset of the big crime up here. You can get convicted of that big crime under, you know, 50 different statutes, and so what's modified about it is that you're looking underneath at those subsidiary statutes. But once you get to those, you're saying it's kind of like as if it were a categorical, because all of those in the little subset meet the definition. Is that your – If I could just take 20 seconds. Okay. The defendant was convicted of 273.6. That's a criminal statute. We know from this Court's case law that we look at the categorical and modified approach to look at criminal statutes. Okay? When you look at 273.6, you can be enjoined for many things, and you can be convicted for violating many protective orders. We know from the record of conviction that he was convicted of a specific protection order, 6320. Once you get down to that, using the modified categorical approach and looking at the record of conviction, the specific acts enjoined under 6320 categorically meet the definition of a violation of a protection order under 1227A2EII, and therefore the petition in this case is deportable. Thank you very much. Thank you. And you did reserve some rebuttal time. First of all, I'd like to make a clarification as far as the actual statute doesn't require the second firearms offense. It's also stated in the disjunct of as far as C273.6. C is it could be violated and includes violations under California Family Code 6320, and the actual statute reads or the firearms statute. So I believe that although all of these complaints that Justice Graber, you have mentioned, they simply mention that, that doesn't necessarily tell us that he did both of those because you completed something in the disjunct. So I don't believe that under the modified categorical approach, that's very telling. They were pleaded as and. That's how it was obtained. It was obtained pursuant to both of those. That's what it says. Your Honor, I didn't see a statement of defendant pleading guilty in there. We don't know exactly what he said. We don't know exactly what he pled guilty to. We know that he pled guilty to something, but we don't know what. We know that he pled guilty to something that would amount to a conviction, and underneath the statute, either one could or both could. So we don't definitively know. The record of conviction doesn't clearly and convincingly show in this case. Another thing that I would like to say is that this requires violence, okay? It may not require abuse. I mean, it may not require injury, but it does require violence. If we look at violence, violence is consistently interpreted to mean the use, the threatened use or attempted use of physical force against property or person of another. That is not present in these. In fact, Conrad V. Ritchie specifically states California law that interprets the statute that the species of the conduct, whether violent or non-violent, on which this order is based is often failed. The order fails to disclose this. So, therefore, Conrad V. Ritchie, which actually interprets this Family Code 6230, allows for violent or non-violent. You mean 6320? 6320. You said 6230, but you... Oh, I'm sorry. I want to be sure we understand your argument. You're still talking... Okay. And I'm sorry. So the California case law that interprets this, 6320, leaves open the fact that it could be issued for a non-violent act. And underneath the law, the plain language of our statute, it's threatening or violent acts of domestic violence. Violence, that's what's required. I'd ask the Court to remand. I just have one question. What's your response to opposing counsel's argument that the statute necessarily requires a showing of domestic violence before the protective order can issue? Well, Your Honor, I would just respond to the fact that the argument that a state, a label can somehow compel a federal court finding or characterization of a removable act of criminal offense has been rejected consistently by this Court, Cuevas-Gaspar, Corona-Sanchez, Martinez-Perez. I think the question is more practical than that. What does a person have to prove in California to get an order like this? Does it have to be what in our parlance is a threat of violence or violence or repeated harassment? Well, Your Honor, I think that the Conrad v. Ritchie, which I just spoke to, says that it can be issued for violent or non-violent conduct. So, therefore, you can get a restraining order or protective order under this particular statute for non-violent conduct. Therefore, that would obviate this compounded modified categorical approach that the government is advancing. Thank you. Thank you. Thank you, counsel. As you can tell from our questions, it's a very challenging case, and we appreciate the arguments of both counsel. The case just argued is submitted.
judges: Alarcon, Graber, Rawlinson